STEVEN G. KALAR
Federal Public Defender
Northern District of California
JEROME MATTHEWS
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone: (510) 637-3500
Facsimile: (510) 637-3507
Email: Jerome_Matthews@fd.org

Counsel for Defendant Martinez

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ORLANDO MARTINEZ,<br><br>Defendant. | **Case No.:** CR 20–00244 JST<br><br>**ORLAND MARTINEZ'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**<br><br>**Court:** Courtroom 1, 4th Floor<br>**Hearing Date:** November 3, 2020<br>**Hearing Time:** 9:30 a.m. |

**PRELIMINARY STATEMENT**

Rolando Martinez[1] will stand before the Court on November 3, 2020, prepared to enter a guilty plea to a single-count information charging him with being a felon in possession of a firearm, and to be sentenced following entry of his plea. This case is fairly straightforward as felon-in-possession cases go, but it is in many ways unique and deserving of a more lenient sentence than might otherwise be called for.

At the outset, Mr Martinez only possessed the gun at issue for three days prior to his arrest—he

---

[1] The complaint, information and plea agreement identify Mr Martinez as "Orlando," apparently due to a transposition by an arresting officer in a prior case. His true first name is Rolando.

had purchased it after having been robbed in front of a liquor store earlier the same month. This case also is Mr Martinez's only arrest for possessing a firearm.

More important is that firearm possession is wholly out of character for Mr Martinez. Despite having been raised in a violent neighborhood, Mr Martinez has never previously felt the need to arm himself. And this type of crime is difficult to reconcile with the personal descriptions offered by those who know him well, all of whom attest to a supportive, generous, and kind person who stands ready to help at the drop of a hat and has worked hard to turn his life around.

For these reasons, the government and Mr Martinez have agreed that a guidelines sentence is not warranted and that a sentence of one year and one day is sufficient. This memorandum lends further support to their joint request.

## BACKGROUND

Mr Martinez's arrest arose from surveillance by a team of narcotics investigators, although it didn't involve narcotics at all. On January 29, 2020, while apparently conducting surveillance for drug activity in the area, Alameda County Sheriff deputies saw Mr Martinez park his motorcycle, take a pistol from the motorcycle's saddlebag, and then place it in his waistband. Though the entirety of the surveillance isn't clear from the reports produced by the government, deputies saw Mr Martinez ride away from the area, conducted a traffic stop, and ultimately recovered the pistol from the motorcycle's saddlebag.[2] Mr Martinez was arrested and later released from custody.

Four months later, on May 28, 2020, Mr Martinez was arrested on a federal warrant based on the state arrest. Mr Martinez chose not to seek release and has remained in federal custody since that time.

## COMMENTS TO PRESENTENCE REPORT

Mr Martinez has no factual corrections to the presentence report. Defense counsel was not aware that Mr Martinez has $15,000 in savings, and the probation officer has partially based her recommendation that Mr Martinez pay a fine upon that information. Defense counsel will seek verification of this information and be prepared to address the issue at the sentencing hearing.

---

[2] Interestingly, none of the arrest reports indicates whether deputies saw Mr Martinez place the pistol back into the motorcycle's saddlebag prior to him leaving the area.

# SENTENCING RECOMMENDATION

## I. Nature of the Offense

As stated above, this is Mr Martinez's first, and hopefully last, arrest for being a felon in possession of a firearm. Neither his single juvenile adjudication nor his adult criminal history involves the use or possession of a firearm. While it is true that these facts do not render the offense any less serious, they do suggest that a guidelines sentence is not necessary to deter Mr Martinez from committing the same crime again.

It also is important to place the offense in context. Mr Martinez was not engaged in drug trafficking, robbery, assault or any other criminal conduct at the time he was arrested. To the contrary, after his arrest he informed law enforcement officers that he only recently had purchased the pistol and had done so only because he had been the victim of a robbery earlier that month.

Given the absence of involvement with firearms and firearms-related offenses, the modest downward variance to which the government and Mr Martinez have agreed would serve the purposes of 18 U.S.C. § 3553(a).

## II. Mr Martinez's History and Characteristics

### A. Childhood issues.

Mr Martinez grew up in a neighborhood "fraught with violence." PSR ¶ 44. He notes that the his childhood friends "are either dead or in prison." PSR ¶ 42. He struggled in school, was often bullied and ridiculed for his academic difficulties, and didn't graduate high school. During this time, he often felt as though he somehow had to make a name for himself in order "to gain acceptance from his peers." PSR ¶ 47. His girlfriend, Maritza Zamora, trenchantly observes that while Mr Martinez was raised in a stable household, his parents were focused on their jobs to the point that they didn't see Mr Martinez was struggling. PSR ¶ 44.

A diagnosis of ADHD when Mr Martinez was 15 years old sheds some light on his difficulties, and, together with a history of depression that began in his early 20's, PSR ¶ 47, helps to explain why Mr Martinez may have become involved in the criminal justice system.

### B. Efforts at rehabilitation.

Since his release from prison in 2018, Mr Martinez's life has been an object lesson in

rehabilitation. He entered the glazier's union, took classes, and shortly thereafter obtained his first "real job," PSR ¶ 51, at Classic Glass in San Jose, which he held until the pandemic brought work to a halt. He was a diligent and reliable worker, earned a good income and has established enough goodwill with his employer that he will be welcomed back as an employee upon his release. PSR ¶ 51.

Equally important, he re-established his relationship with Ms Zamora, his girlfriend of 15 years. In a moving letter to the Court, Ms Zamora states how Mr Martinez has supported her emotionally and physically after a serious car accident left her paralyzed for almost one year. Following her recovery, Mr Martinez encouraged her to continue her education, and nursed her through periods of depression. Similar letters from friends and acquaintances, as well as a letter of appreciation from the East Oakland Youth Development Center, each bear testament to Mr Martinez's generosity, kindness, and willingness to help others in need.[3]

Similarly, during his probation interview Mr Martinez expressed a great deal of insight, noting that he was at fault for his problems. This was borne out when Mr Martinez at first felt that he didn't need help, but later called defense counsel and asked that the probation officer be informed that he believed he would benefit from counseling.

Given Mr Martinez's earnest efforts to turn his life around, it is more than merely possible that had Mr Martinez not been the victim of a robbery this crime may not have occurred. At the least, this Court can have confidence that Mr Martinez has demonstrated sufficient resolve and ability to lead a crime-free life that a sentence of one year and one day is just punishment.

**III.   A Sentence of One Year and One Day is Adequate Deterrence**

As noted above, this is Mr Martinez's first firearms offense. Having no history of using or possessing firearms, the present record does not suggest that Mr Martinez is likely to re-offend by possessing a firearm in the future. For this reason, a sentence of one year and one day is consistent with section 3553(a)'s stated goal of deterring future criminal conduct.

---

[3] Copies of these letters are collectively attached the to the Declaration of Jerome Matthews as Exhibit A.

### IV. The Totality of the Section 3553(a) Factors Justify the Recommended Sentence

A number of factors militate in favor of a measure of leniency in this case, each for a discrete reason. But individual reasons do not limit the Court's ability to consider the totality of the circumstances. Even prior to *Booker*, the district court could base its sentence on an aggregation of factors, each of which might individually have been insufficient to justify departure, or now, a variance. *United States v. Cook*, 938 F.2d 149, 153 (9th Cir. 1991). In *Cook* the court explained that "[t]here was no reason to be so literal-minded as to hold that a combination of factors cannot together constitute a 'mitigating circumstance.'" *Id.* at 153. When a combination of factors is posited as a basis for a downward departure, the question becomes whether in totality they present a uniquely mitigating set of circumstances. *Cook* elaborated further on this principle, noting that factors that appear insufficient in isolation can present a compelling mosaic when viewed together:

> Given the Sentencing Commission's acknowledgment of 'the vast range of conduct' not encompassed by the Guidelines, a unique combination of factors may constitute the 'circumstance' that mitigates. ... What the Commission has focused on is 'the case' conduct. Neither case nor conduct can be reduced to a single factor. Case and conduct are a total pattern of behavior. In making a decision in any particular case, good judgment will often require the evaluation of a complex of factors. No single factor may be enough to point to the wise course of discretion. But a wise person will not look at each particular factor abstractly and alone. *Rather it will be how the particular pieces fit together, converge, and influence each other that will lead to the correct decision*.

*Id.* at 153 (emphasis added); s*ee also United States v. Colace*, 126 F.3d 1229, 1231 n.2 (9th Cir. 1997)(approving consideration of otherwise non-qualifying factors by aggregating into a totality of circumstances analysis).

*Cook's* reasoning is equally persuasive here. While Mr Martinez did not exercise good judgment when he purchased a firearm, he did not intend to use the firearm for the purpose of furthering criminal activity. That fact is not offered as justification, but rather as recognition that firearms offenses are not uniform and that individual cases merit individual treatment.

Here, there is much to commend Mr Martinez. He has shown himself capable of successful reintegration to society, has a strong work ethic, and has a demonstrable history of kindness and generosity towards those with whom he comes into contact. He also has the support of a significant other and a relationship that by all measures seems to provide benefit and stability to both parties.

# CONCLUSION

For the reasons stated, Mr Martinez respectfully requests that the Court impose a sentence of one year and one day in custody, and three years of supervised release, as contemplated by the parties' plea agreement.

Dated: October 27, 2020

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

          /S
JEROME MATTHEWS
Assistant Federal Public Defender